B104 (Form 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NO. |
|---|---|

| PLAINTIFF(S)<br>RICHARD E. O'CONNELL, as Chapter 7 Trustee of the Estate of Robert Shiver | DEFENDANT(S)<br>Cathryn Shiver, Brian P. Shiver, Douglas J. Shiver, Christopher R. Shiver, Aerwav Holdings, Inc., and Access 220, LLC |
|---|---|

| ATTORNEY(S) (Firm Name, Address, Telephone No.)<br>Michael S. Devorkin<br>Golenbock Eiseman Assor Bell & Peskoe LLP<br>437 Madison Ave.<br>New York, New York 10022<br>Tel.: (212) 907-7300, Ext. 7348 | ATTORNEY(S) (If Known)<br>See attached sheet |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee<br>☐ Creditor  ☑ Trustee  ☐ Other | PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee<br>☐ Creditor  ☐ Trustee  ☑ Other |
|---|---|

CAUSE OF ACTION (Write a brief statement of cause of action, including all U.S. statutes involved.)

Recovery of fraudulent conveyances.

**NATURE OF SUIT**
(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☑5 11 – Recovery of money/property - § 542 turnover of property
☐ 12 – Recovery of money/property - § 547 preference
☑1 13 – Recovery of money/property - § 548 fraudulent transfer
☑4 14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 – Approval of sale of property of estate and of a co-owner – § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 – Dischargeability - § 523(a)(5), domestic support
☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 – Dischargeability - § 523(a)(8), student loan
☐ 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support)
☐ 65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 – Injunctive relief – imposition of stay
☑2 72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81- Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☑3 91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01 – Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
☐ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand: $ |

Other Relief Sought:

B104 (Form 104) (08/07), Page 2

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
|---|---|---|
| Robert Shiver | 07-11501 (MG) | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| Southern District of New York | Manhattan | M. Glenn |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| | | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |
| | Michael S. Devorkin | |
| DATE | | |
| September 23, 2008 | | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

David J. Butler, Esq.
Bressler, Amery & Ross
325 Columbia Turnpike
Florham, NJ 07932
Tel.: (973) 514-1200
*Attorney for Cathryn Shiver, Brian P. Shiver, Douglas J. Shiver and Christopher R. Shiver*

Lynn E. Judell, Esq.
Andrews Kurth LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 850-2800
*Attorney for Access 220, LLC*

Valerie P. Morrison, Esq.
Wiley Rein LLP
7925 Jones Branch Drive
Suite 6200
McLean, VA 22102
Tel.: (703) 905-2826
*Attorney for Access 220, LLC*

John P. Di Iorio
Shapiro & Croland
411 Hackensack Avenue
Hackensack, NJ 07601
Tel.: (201) 488-3900
*Attorney for Robert Shiver as Debtor*

Robert Shiver
301 East 21st Street
Apartment 7M
New York, New York 10010
*Officer of Aerwav Holdings, Inc.*

Michael S. Devorkin, Esq.
Dallas Albaugh, Esq.
Elizabeth A. Jaffe, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
Phone: (212) 907-7300
Fax: (212) 754-0330
Email: mdevorkin@golenbock.com
Email: dalbaugh@golenbock.com
Email: ejaffe@golenbock.com

*Counsel for Richard E. O'Connell, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | Case No. 07-11501 |
| ROBERT SHIVER, | : | |
| Debtor. | : | |
| | : | |

-------------------------------------------------------------X

| | | |
|---|---|---|
| RICHARD E. O'CONNELL, as Chapter 7 Trustee | : | |
| of the Estate of Robert Shiver | : | Adv. Pro. No. 08____(MG) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Cathryn Shiver, Brian P. Shiver, Douglas J. Shiver, | : | |
| Christopher R. Shiver, Aerwav | : | |
| Holdings, Inc., and Access 220, LLC | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------X

## COMPLAINT FOR (I) A DECLARATORY JUDGMENT, (II) AVOIDANCE OF PRE-PETITION TRANSFERS, (III) TURNOVER OF PROPERTY OF THE ESTATE, (IV) AN ACCOUNTING, AND (V) <u>PIERCING THE CORPORATE VEIL</u>

RICHARD E. O'CONNELL, solely in his capacity as the Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the estate of Robert Shiver (the "Debtor"), by his attorneys Golenbock Eiseman Assor Bell & Peskoe LLP ("GEAB&P") alleges as follows:

## INTRODUCTION

1.     On May 10, 2007 (the "Filing Date"), the Debtor filed a voluntary Chapter 7 petition (the "Petition") in this Court.

2.     Plaintiff was appointed as the Chapter 7 Trustee of the Debtor on May 17, 2007, accepted his appointment, duly qualified, and is acting as Chapter 7 Trustee of the Debtor.

3.     By an Order dated August 6, 2007, this Court authorized the Trustee to retain GEAB&P as his attorneys.

4.     By an Order dated  March 4, 2008, this Court authorized the Trustee to retain Davis, Graber, Plotzker & Ward LLP ("DGPW") as his accountants.

## JURISDICTION AND PARTIES

5.     Plaintiff brings this adversary proceeding against Cathryn Shiver, Brian P. Shiver, Douglas J. Shiver, and Christopher R. Shiver (the "Shiver Defendants"), Aerwav Holdings, Inc. ("Aerwav"), and Access 220, LLC ("Access 220") pursuant to, *inter alia:* (a) 11 U.S.C. sections 542(a), 544(b), 547(b), 548(a) and 550(a) of Title 11 of the United States Code (the "Bankruptcy Code"); (b) Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (c) sections 273, *et seq.* of the New York Debtor and Creditor Law (the "NYDCL").

6.     This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. sections 157(b)(2)(A)(E), (F), (H) and (O).

7.     Jurisdiction exists in this Court pursuant to 28 U.S.C. section 1334.

8.     Venue over this adversary proceeding resides in this Court pursuant to 28 U.S.C. section 1409.

9.     On the Filing Date, and now, the Debtor is an individual domiciled in New York, New York.

10.     Upon information and belief, Cathryn Shiver is an individual who resides in Covenant Station, New Jersey.

11.     Upon information and belief, on June 7, 1980, Cathryn Shiver married the Debtor.

12.     Upon information and belief, on February 22, 2006, Cathryn Shiver and the Debtor were divorced pursuant to a Final Judgment of Divorce (the "Final Judgment").

13.     On or about April 10, 2006, pursuant to the Final Judgment, Cathryn Shiver and Debtor entered into a written property settlement agreement (the "Property Settlement Agreement").

14.     Upon information and belief, the Debtor was insolvent at the time of execution of the Property Settlement Agreement, and the Debtor waited until the Filing Date – May 16, 2007 – to file his chapter 7 petition in an attempt to shield the Property Settlement Agreement from the scrutiny of the Bankruptcy Court and the Trustee, and to defraud his creditors.

15.     Upon information and belief, Brian P. Shiver is an individual residing in Covenant Station, New Jersey ("Brian").  He is the son of Cathryn Shiver and the Debtor.

16.     Upon information and belief, Douglas J. Shiver is an individual residing in Covenant Station, New Jersey ("Douglas").  He is the son of Cathryn Shiver and the Debtor.

17.    Upon information and belief, Christopher Shiver is an individual residing in Covenant Station, New Jersey ("Christopher"). He is the son of Cathryn Shiver and the Debtor.

18.    Upon information and belief, Aerwav is a Delaware corporation with a last known business address at 915 Broadway, 18th Floor, New York, New York.

19.    Upon information and belief, Debtor was the sole officer and director of Aerwav at all relevant times.

20.    Upon information and belief, at all relevant times, the Debtor owned 100 percent of the voting class of stock of Aerwav and not less than 98 to 99 percent of the common stock of Aerwav on a fully diluted basis.

21.    Upon information and belief, defendant Access 220 is a Delaware limited liability company.

**BACKGROUND**

A.    **The Access 220 Note**

22.    Upon information and belief, on or about August 27, 2002, Access 220, as Maker, executed and delivered a Senior Promissory Note (the "Note") in the principal sum of $4,478,824.00 to defendant Aerwav, as Payee. The Note was issued as part of the purchase price for the acquisition of certain assets from Aerwav and a related entity, Aerwav Spectrum Holdings, Inc., including but not limited to, certain spectrum band licenses.

23.    Upon information and belief, pursuant to the terms of the Note, interest accrued on the principal amount at a rate of 4% per annum until the maturity date, as defined below.

24.    Upon information and belief, pursuant to a January 15, 2004 amendment to the Note (the "First Amendment"), the original maturity date of the Notes was extended from

(a) the "earlier to occur of (i) August 27, 2005 and (ii) the date of the consummation of a Change

of Control" to (b) "the earlier to occur of (i) February 27, 2007 (the "Fixed Maturity Date") and

(ii) the date of consummation of a change in control (the "Maturity Date")," defined to include a

"sale, transfer or assignment by Maker or any of its subsidiaries of substantially all of the

consolidated assets of Maker and its subsidiaries to a person that is not [Access Spectrum LLC],

any of its members or any of their respective Affiliates."

      25.    Upon information and belief, Aerwav ceased operations at some time prior

to the execution of the First Amendment, and on March 1, 2004, the State of Delaware declared

it void.

      26.    Upon information and belief, pursuant to the First Amendment, Access

220 and Access Spectrum, LLC purported to release Aerwav, Aerwav Spectrum Holdings, Inc.,

and the Debtor from any and all causes of action, claims, suits, liabilities and damages arising

from any breach of the [Asset Purchase Agreement, dated as of April 3, 2002, among Access

220, Access Spectrum, LLC, Aerwav, and Aerwav Spectrum Holdings, Inc. (the "APA")] to the

extent arising from (i) Aerwav granting to Highland Communications, LLC, a New Hampshire

limited liability company ("Highland"), the right to use certain licenses, (ii) Aerwav's entering

into the Interim Management Agreement dated March 7, 2003 with Highland or (ii) failing to

surrender certain licenses to the FCC.

      27.    Upon information and belief, on October 26, 2005, Aerwav entered into a

letter agreement amending for a second time the terms of the Note (the "Second Amendment").

      28.    Upon information and belief, the Second Amendment provided for the

payment of the sum of $500,000 in cash (the "Access 220 Payment") to Aerwav in exchange for

which: (i) the principal amount of the Note was reduced by $1,000,000.00 (the "Reduction"); (ii)

the Fixed Maturity Date was extended to February 27, 2012 (the "Extension"); and (iii) the

principal amount of the Note ceased accruing interest and all references to interest on the

principal amount were deleted from the terms of the Note (the "Interest Waiver," which, together

with the Reduction and the Extension, are referred to hereafter as the "Access 220 Transfers").

29.    Upon information and belief, Access 220 distributed the Access 220

Payment directly to the Debtor or accounts controlled by the Debtor, for purposes unrelated to

Aerwav's operations.

30.    Upon information and belief, $100,000 of the Access 220 Payment was

deposited into the Debtor's personal account, and the Debtor used this amount for his living

expenses. Debtor used the $100,000 because he did not have sufficient funds to pay his living

expenses, and he so swore during his examination pursuant to Bankruptcy Rule 2004.

31.    Upon information and belief, $400,000 of the Access 220 Payment was

deposited directly into an account in the name Shiver Lender I, LLC, a newly-formed LLC

controlled by the Debtor, and the Debtor utilized the $400,000 personally in a failed attempt to

fund and purchase certain of the Debtor's companies that had filed voluntary petitions for relief

under Chapter 11 of the Bankruptcy Code in the United State Bankruptcy Court for the District

of New Jersey, and he so swore during his examination pursuant to Bankruptcy Rule 2004.

32.    Upon information and belief, Access 220 has consummated a transaction

which triggered the Maturity Date, and it has represented that it and Access Spectrum, LLC have

(i) recently consummated a transaction pursuant to which those certain band licenses and other

assets acquired from Aerwav have been conveyed to a third party; and (ii) are willing to concede

that the Note has matured.

B.    **The Property Settlement Agreement**

33.    On or about April 10, 2006, the Debtor and Cathryn Shiver executed a

"Property Settlement Agreement", as required by the Final Judgment.

34.    The Property Settlement Agreement provides, *inter alia*, that:

[Cathryn Shiver] shall immediately by assigned 50% of the
proceeds to be received from a promissory note dated August 27,
2002, and amended in January 2004 and October 2005, issued by
Access 220 to Aerwav Holdings, Inc. (the "Access 220 Note") as
part of her Equitable Distribution award.  [Cathryn Shiver] shall be
entitled to receive a net payment after tax of $1,739,412 from the
Access 220 Note (representing 50% of its present face value) when
the Note becomes due in February, 2012, or 50% of the gross
proceeds actually paid on the Note.  To effectuate [Cathryn
Shiver's] receipt of her payment pursuant to this paragraph,
[Debtor] hereby directs [Aerwav] to pay over to [Cathryn Shiver]
all sums due her under this paragraph and [the Debtor] has
executed an Assignment to [Cathryn Shiver] of his interest in any
distribution from [Aerwav] of proceeds received by [Aerwav]
under the Access 220 Note.  All payments to [Cathryn Shiver] . . .
shall be net payments after tax, provided that [Aerwav's] net
operating losses exceed the proceeds paid to [Aerwav] under the
Access 220 Note.

[The Debtor and Cathryn Shiver] agree that [the Debtor] shall take
not steps to reduce the net operating losses of [Aerwav] that would
not otherwise expire before 2012 pending full distribution of the
proceeds of the Access 220 Note.  The maker of the Access 220
Note will be notified and acknowledge receipt of said notice of
assignment that the note has been assigned to the children and
[Cathryn Shiver,] and that they need their consent to agree to any
further modifications or amendments to the Note.

[The Debtor and Cathryn Shiver] agree any and all liens and other
liabilities against the proceeds to be paid to [Aerwav] under the
Access 220 Note shall be paid form the 50% of the Access 220
Note not payable to the Wife . . . and that the remaining balance of
the proceeds received by [Aerwav] after payment of any lines [sic]
or other liabilities against the Access 220 Note shall be paid to a
trust to be formed by [the Debtor] for the benefit of [his children.
The Debtor] hereby directs [Aerwav] to make the payments as
directed . . . and has executed an Assignment of his interest in the
distribution to [Aerwav] of the proceeds received by [Aerwav]
pursuant to the Access 220 Note.

> [The Debtor and Cathryn Shiver] agree that the Access 220 Note
> shall be held by a mutually agreed upon escrow agent pending full
> distribution of the proceeds as detailed [in the Property Settlement
> Agreement], and that neither [the Debtor nor Cathryn Shiver] shall
> engage in any transaction outside of [the Property Settlement
> Agreement] that would in any way assign, encumber, or reducee
> the value to [Aerwav] of the Access 220 Note. [Cathryn Shiver]
> will be free to designate who the escrow agent will be to have
> custody of the Note.

35.    Pursuant to the terms of the Property Settlement Agreement, the Debtor

assigned or attempted to assign and transfer his interest in the distribution to Aerwav of the

proceeds received by Aerwav pursuant to the Note, to or for the benefit of Cathryn Shiver,

Christopher Shiver, Douglas Shiver, and Brian Shiver.

36.    Upon information and belief, the Debtor never executed an assignment to

Cathryn Shiver of the Debtor's interest in the distribution to Aerwav of the proceeds received by

Aerwav pursuant to the Note.

37.    The Debtor's purported transfer by the Property Settlement Agreement of

the proceeds received by Aerwav pursuant to the Note shall be referred to hereafter as the

"Shiver Transfers 1."

38.    Upon information and belief, the Debtor never intended to execute an

assignment to Cathryn Shiver of the Debtor's interest in any distribution to equity from Aerwav

of the proceeds received by Aerwav under the Note.

39.    The Debtor has never formed a trust to hold the remaining balance of the

Debtor's interest in the distribution to Aerwav of the proceeds received by Aerwav pursuant to

the Note, and has so sworn during his examination pursuant to Bankruptcy Rule 2004.

40.     Upon information and belief, the Debtor never intended to form a trust to hold the remaining balance of the Debtor's interest in the distribution to Aerwav of the proceeds received by Aerwav pursuant to the Note.

41.     Aerwav was not a party to the Property Settlement Agreement.

42.     The Debtor and Cathryn Shiver were the only parties to the Property Settlement Agreement

43.     Cathryn Shiver, Christopher Shiver, Douglas Shiver, and Brian Shiver are not creditors of Aerwav, and the Debtor has so sworn, during his examination pursuant to Bankruptcy Rule 2004.

44.     Upon information and belief, ICE asserts a claim against Aerwav and others in the amount of $130,502.60.

45.     Upon information and belief, the Note is Aerwav's only asset.

46.     The Debtor's interests in Aerwav, including, without limitation, the Debtor's interest in the distribution to Aerwav of the proceeds received by Aerwav pursuant to the Note, are assets of his chapter 7 estate.

47.     The Trustee has possession of the original Note.

48.     Pursuant to the Property Settlement Agreement, in addition to the Shiver Transfers 1, the Debtor and Cathryn Shiver transferred other assets and liabilities in such a way that Debtor transferred more than 90% of the marital assets to Cathryn Shiver and assumed 90-100% of the marital liabilities.

49.     For a considerable period of time prior to the Property Settlement Agreement and subsequent to the Property Settlement Agreement, Debtor made additional transfers to or for the benefit of Cathryn Shiver, Christopher Shiver, Douglas Shiver and Brian

Shiver, and assumed and paid liabilities of or for the benefit of Cathryn Shiver, Christopher

Shiver, Douglas Shiver, and Brian Shiver, amounting to thousands of dollars per month.

50.    The transfers of assets and payment and assumption of liabilities set forth

in Paragraph 48 and 49 hereof which are in addition to the Shiver Transfers 1 are collectively

referred to hereafter as "Shiver Transfers 2."

## C.    The Florida Action

51.    In November 2003, Edward Wharton ("Wharton") and Janet Geismar

("Geismar") sold their fire and burglar alarm system, Hi-Rise Safety Systems, Inc. ("Hi-Rise"),

to Aerwav Integration Services Inc., a corporation controlled by the Debtor.

52.    In 2005, prior to the Filing Date, in the Circuit Court of the Seventeenth

Judicial Circuit in and for Broward County, Florida, Wharton and Geismar commenced an action

against the Debtor for fraud in the inducement, fraud in the execution and breach of contract in

connection with the sale of Hi-Rise to Aerwav Integration Services (the "Florida Action").

53.    On October 17, 2005, the Debtor was served with a copy of the Revised

Amended Complaint in the Florida Action.

54.    The Debtor retained a lawyer, Gerald B. Wald, and moved, pre-answer, to

dismiss the Revised Amended Complaint. However, before the motion was decided, Mr. Wald

moved to be relieved as counsel on the ground that Debtor had not fully paid his fee. By Order

entered January 19, 2006, Mr. Wald was permitted to withdraw from representing the Debtor in

the Florida Action.

55.    Debtor subsequently failed to respond to service of any pleadings filed in

the Florida action and did not hire new counsel or attend any of the calendar calls or the trial. On

February 27, 2006, the Florida Court entered a default judgment against the Debtor as to all

issues of liability.

56.     On October 25, 2006, after holding a trial on damages in which the Debtor did not appear, the Florida state court entered a $3,013,000.00 default judgment (the "Wharton and Geismar Judgment") for fraud in the inducement and fraud in the execution against Debtor and for Wharton and Geismar.

57.     In November 2007, the Debtor moved in the Florida court for relief from the default judgment.  A hearing was held on May 2, 2008, and this motion was denied.

58.     The Debtor has not satisfied the Wharton and Geismar Judgment.

**D.     Shiver's Insolvency**

59.     On July 22, 2005, Aerwav Integration Group, Aerwav Integration Services, Inc., Hi-Rise, and Aerwav Holdings, LLC (collectively, the "New Jersey Debtors"), entities which the Debtor controlled, filed petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.  On June 25, 2007, all four cases were converted to chapter 7.

60.     As early as July 2005, the Debtor was considering filing for personal bankruptcy, and so swore during his examination pursuant to Bankruptcy Rule 2004.  From no later than 2005 and for a period before, the Debtor was (i) insolvent, (ii) engaged in business and was about to engage in business, for which property remaining with the Debtor was unreasonably small capital and (iii) intended to incur, or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

61.     Upon information and belief, after July 2005, the Debtor's resources and attention were focused at all relevant times on purchasing his companies, the New Jersey Debtors, out of chapter 11 in and effort to reestablish his businesses.

62.     Between the period January 2006 and the Filing Date, other than a brief period in April 2007 when he was employed by Pritchard Industries, and a brief time that he

attempted to do consulting work, the Debtor was unemployed and was unable to meet his

expenses. In January through February 2006, he was in the middle of a divorce.

### E.    The Pending Interpleader Action

63.    On or about June 26, 2008, Access 220 and Access Spectrum, LLC

commenced an interpleader action concerning the proceeds of the Note in the United States

District Court for the Southern District of New York, captioned *Access Spectrum, LLC and*

*Access 220, LLC v. Edward Wharton, Janet Geismar, Cathryn Shiver, Brian P. Shiver, Douglas*

*J. Shiver, Christopher R. Shiver, Industrial Communications & Electronics, Inc., and Aerwav*

*Holdings, Inc.*, Case No. 08-cv-5755-PAC (the "Interpleader Action").

64.    On or about August 13, 2008, Access 220 and Access Spectrum, LLC

filed an Amended Complaint for Interpleader naming for the first time the Trustee as defendant

in the Interpleader Action.

65.    On information and belief, Access 220 has deposited with the Court for

the Southern District of New York the sum of $3,336,630.53, a payment which was due under

the Note.

66.    Upon information and belief, no party named as a defendant in the

Interpleader Action has yet answered in the Interpleader Action.

**FIRST CLAIM FOR RELIEF**
**FOR DECLARATORY RELIEF**
**(AGAINST AERWAV, ACCESS 220,**
**CATHRYN SHIVER, CHRISTOPHER SHIVER,**
**DOUGLAS SHIVER, AND BRIAN SHIVER)**

67.    The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 to 66 hereof as if fully set forth herein.

68.    Aerwav, not the Debtor, is the Payee under the Note. Because Aerwav was not a party to the Property Settlement Agreement, the Debtor's execution of the Property Settlement Agreement did not effect an assignment by Aerwav of the Note to or for the benefit of the Shiver Defendants.

69.    By reason of the foregoing, the Trustee is entitled to a judgment against Aerwav, Access 220, Cathryn Shiver, Christopher Shiver, Douglas Shiver and Brian Shiver declaring that (i) the Note is payable to Aerwav, as Payee; (ii) Aerwav did not assign in whole or in part its right as Payee under the Note to or for the benefit of the Shiver Defendants, and any distribution to or by Aerwav of the proceeds of the Note is payable to the Trustee.

## SECOND CLAIM FOR RELIEF
## FOR DECLARATORY RELIEF
## (AGAINST CATHRYN SHIVER)

70.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 to 69 hereof as if fully set forth herein.

71.    The Property Settlement Agreement provided that the Debtor would be required to execute an assignment to Cathryn Shiver in order to effectuate a transfer of the Debtor's interest in the distribution to Aerwav of the proceeds received by Aerwav pursuant to the Note to Cathryn Shiver.

72.    Upon information and belief, the Debtor never executed an assignment to Cathryn Shiver of the Debtor's interest in the distribution to Aerwav of the proceeds received by Aerwav pursuant to the Note.

73.    By reason of the foregoing, the Trustee is entitled to a judgment against Cathryn Shiver declaring that (i) any distribution to or by Aerwav of the proceeds of the Note is payable to the Trustee and (ii) the Debtor did not assign his interest, in whole or in part, in the

distribution to Aerwav of the proceeds received by Aerwav pursuant to the Note to Cathryn
Shiver.

**THIRD CLAIM FOR RELIEF**
**FOR DECLARATORY RELIEF**
**(AGAINST DEFENDANTS CHRISTOPHER SHIVER,**
**DOUGLAS SHIVER, AND BRIAN SHIVER)**

74.     The Trustee repeats and realleges each and every allegation contained in
paragraphs 1 to 73 hereof as if fully set forth herein.

75.     The Property Settlement Agreement provided that the Debtor would be
required to execute an assignment to a trust in order to effectuate a transfer of the Debtor's
interest in the distribution to Aerwav of the proceeds received by Aerwav pursuant to the Note
for the benefit of Christopher Shiver, Douglas Shiver, and/or Brian Shiver.

76.     Upon information and belief, the Debtor never formed a trust for the
benefit of Christopher Shiver, Douglas Shiver, and/or Brian Shiver.

77.     Upon information and belief, the Debtor never executed an assignment to
a trust of the Debtor's interest in the distribution to Aerwav of the proceeds received by Aerwav
pursuant to the Note.

78.     Upon information and belief, the Debtor never executed an assignment to
Christopher Shiver, Douglas Shiver, and/or Brian Shiver of the Debtor's interest in the
distribution to Aerwav of the proceeds received by Aerwav pursuant to the Note.

79.     By reason of the foregoing, the Trustee is entitled to a judgment against
Christopher Shiver, Douglas Shiver and Brian Shiver declaring that (i) any distribution to or by
Aerwav of the proceeds of the Note is payable to the Trustee; and (ii) the Debtor did not assign

his interest, in whole or in part, in the distribution to Aerwav of the proceeds received by Aerwav

pursuant to the Note to a trust, Christopher Shiver, Douglas Shiver, and/or Brian Shiver.

### FOURTH CLAIM FOR RELIEF
### FRAUDULENT TRANSFER REGARDING
### TRANSFERS, 11 U.S.C. §548(a)(1)(A) AND §550
### (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER,
### DOUGLAS SHIVER, AND BRIAN SHIVER)

80.    The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 to 79 hereof as if fully set forth herein.

81.    In the alternative, the Shiver Transfers 1 were made to, or for the benefit

of, the Shiver Defendants within two years prior to the Filing Date.

82.    Upon information and belief, the Shiver Transfers 1 constituted transfers

of a property interest of the Debtor.

83.    Upon information and belief, the Shiver Transfers were made with the

actual intent on the part of Debtor to hinder, delay or defraud either present or future creditors.

84.    Based upon the foregoing, the Trustee is entitled to a judgment avoiding

the Shiver Transfers 1, and directing the Shiver Defendants to return the Shiver Transfers 1

pursuant to Bankruptcy Code sections 548(a) and 550(a), together with interest from the Filing

Date.

### FIFTH CLAIM FOR RELIEF
### FRAUDULENT TRANSFER REGARDING PREPETITION
### TRANSFERS, 11 U.S.C. §548(A)(1)(B)(I) AND (II) AND §550
### (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER,
### DOUGLAS SHIVER, AND BRIAN SHIVER)

85.    The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 to 84 hereof as if fully set forth herein.

86.    In the alternative, upon information and belief, the Shiver Transfers 1 were made to, or for the benefit of, the Shiver Defendants within two years before the Filing Date.

87.    Upon information and belief, the Shiver Transfers 1 constituted transfers of property interests of the Debtor.

88.    Upon information and belief, the value of the assets that were left with the Debtor after the Shiver Transfers 1 is less than the amount of the pre-petition claims against the Debtor's estate.

89.    The Shiver Transfers 1 rendered the Debtor insolvent.

90.    Upon information and belief, the Shiver Transfers 1 were made at a time when the Debtor was (i) insolvent or became insolvent as a result of the Shiver Transfers; (ii) engaged in business, or was about to engage in business, for which property remaining with the Debtor was an unreasonably small capital, and (iii) intended to incur, or believed he would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

91.    Upon information and belief, the Debtor received less than a reasonably equivalent value in exchange for the Shiver Transfers 1 and constituted fraudulent transfers.

92.    Based on the foregoing, the Shiver Transfers 1 are avoidable and recoverable from each of the Shiver Defendants for the benefit of the Debtor's estate pursuant to sections 548(a) and 550(a) of the Bankruptcy Code.

93.    Based on the foregoing, the Trustees entitled to a judgment avoiding the Shiver Transfers 1 and directing the Shiver Defendants to return the Shiver Transfers 1 to Plaintiff pursuant to Bankruptcy Code sections 548(a) and 550(a), together with interest from the Filing Date.

## SIXTH CLAIM FOR RELIEF
## NEW YORK DEBTOR AND CREDITOR LAW
## § 273 AND 11 U.S.C. §§ 544(b) and 550
## (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER,
## DOUGLAS SHIVER, AND BRIAN SHIVER)

94.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 93 hereof as if fully set forth herein.

95.     In the alternative, upon information and belief, the Shiver Transfers 1 were made by the Debtor for the benefit of the Shiver Defendants within six (6) years prior to the Filing Date.

96.     Upon information and belief, the Debtor was insolvent or rendered insolvent as a result of the Shiver Transfers 1.

97.     Upon information and belief, the Debtor did not receive fair consideration in exchange for the Shiver Transfers 1.

98.     Upon information and belief, the Shiver Transfers 1 were made to the Shiver Defendants by the Debtor while the Debtor believed, or should have believed, that he would incur debts beyond his ability to pay as they matured.

99.     The Shiver Transfers 1 are fraudulent transfers pursuant to NYDCL section 273.

100.     Based upon the foregoing, the Shiver Transfers 1 are avoidable and recoverable from the Shiver Defendants for the benefit of the Debtor's estate pursuant to NYDCL section 273, made applicable herein by Bankruptcy Code sections 544(b) and 550(a).

101.     Based upon the foregoing, the Trustee is entitled to a judgment avoiding the Shiver Transfers 1 and directing the Shiver Defendants to return the Shiver Transfers to

Plaintiff pursuant to Bankruptcy Code sections 544(b) and 550(a), together with interest thereon

from the Filing Date.

## SEVENTH CLAIM FOR RELIEF
## AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCES, 11 U.S.C. § 544(b) AND § 550 AND NEW YORK DEBTOR AND CREDITOR LAW § 273-a (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER, DOUGLAS SHIVER, AND BRIAN SHIVER)

102.    The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 through 101 hereof as if fully set forth herein.

103.    In the alternative, the Shiver Transfers 1 were made while the Debtor was

a defendant in an action for money damages.

104.    Pursuant to NYDCL section 273-a, the Shiver Transfers 1 are fraudulent

as to Wharton and Geismar.

105.    Pursuant to Bankruptcy Code section 544, Plaintiff may avoid the Shiver

Transfers 1 pursuant to NYDCL section 273-a.

106.    Based upon the foregoing, the Shiver Transfers 1 are avoidable and

recoverable from the Shiver Defendants for the benefit of the Debtor's estate pursuant to

NYDCL section 273-a, made applicable herein pursuant to Bankruptcy Code sections 544(b) and

550(a).

107.    Based upon the foregoing, the Trustee is entitled to a judgment avoiding

the Shiver Transfers 1 and directing the Shiver Defendants to return the Shiver Transfers 1 to

Plaintiff pursuant to NYDCL section 273-a and Bankruptcy Code sections 544(b) and 550(a),

together with interest from the Filing Date.

## EIGHTH CLAIM FOR RELIEF
### AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCES –
### BANKRUPTCY CODE SECTIONS 544(B) AND 550(A) AND NYDCL SECTION 274
### (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER,
### DOUGLAS SHIVER, AND BRIAN SHIVER)

108.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 107 hereof as if fully set forth herein.

109.    In the alternative, upon information and belief, when the Shiver Transfers 1 were made, the Debtor was engaged or was about to engage in a business or transaction for which the property remaining in his hands after the Shiver Transfers 1 were made was an unreasonably small capital.

110.    Pursuant to Bankruptcy Code section 544(b), the Trustee may avoid the Shiver Transfers 1 pursuant to NYDCL section 274.

111.    Based upon the foregoing, the Shiver Transfers 1 are avoidable and recoverable from the Shiver Defendants for the benefit of the Debtor's estate pursuant to NYDCL section 274, made applicable herein by sections 544(b) and 550(a) of the Bankruptcy Code.

112.    Based upon the foregoing, the Trustee is entitled to a judgment avoiding the Shiver Transfers 1 and directing the Shiver Defendants to return the Shiver Transfers 1 to Plaintiff pursuant to Bankruptcy Code sections 544(b) and 550(a), together with interest from the Filing Date.

## NINTH CLAIM FOR RELIEF
## AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCES –
## BANKRUPTCY CODE SECTIONS 544(B) AND 550(A) AND NYDCL SECTION 275
## (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER,
## DOUGLAS SHIVER, AND BRIAN SHIVER)

113.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 112 hereof as if fully set forth herein.

114.    In the alternative, upon information and belief, when the Shiver Transfers 1 were made, the Debtor intended or believed that he would incur debts beyond his ability to pay as they matured.

115.    Pursuant to Bankruptcy Code section 544(b), the Trustee may avoid the Shiver Transfers pursuant to NYDCL section 275.

116.    Based upon the foregoing, the Shiver Transfers 1 are avoidable and recoverable from the Shiver Defendants for the benefit of the Debtor's estate pursuant to NYDCL section 275, made applicable herein by Bankruptcy Code sections 544(b).

117.    Based upon the foregoing, the Trustee is entitled to a judgment avoiding the Shiver Transfers 1 and directing the Shiver Defendants to return the Shiver Transfers 1 to Plaintiff pursuant to Bankruptcy Code sections 544(b) and 550(a), together with interest from the Filing Date.

## TENTH CLAIM FOR RELIEF
## AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCES –
## BANKRUPTCY CODE SECTIONS 544(B) AND 550(A) AND NYDCL SECTION 276
## (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER,
## DOUGLAS SHIVER, AND BRIAN SHIVER)

118.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 117 hereof as if fully set forth herein.

119.    In the alternative, upon information and belief, the Shiver Transfers 1 were made with actual intent to hinder, delay or defraud either present or future creditors.

120.    Pursuant to Bankruptcy Code section 544(b), Plaintiff may avoid the Shiver Transfers 1 pursuant to NYDCL section 276.

121.    Based upon the foregoing, the Shiver Transfers 1 are avoidable and recoverable from the Shiver Defendants for the benefit of the Debtor's estate pursuant to NYDCL section 276, made applicable herein by Bankruptcy Code section 544(b) and 550(a).

122.    Based upon the foregoing, the Trustee is entitled to a judgment avoiding the Shiver Transfers 1 and directing the Shiver Defendants to return the Shiver Transfers 1 to Plaintiff pursuant to Bankruptcy Code sections 544(b) and 550(a), together with interest from the Filing Date.

## ELEVENTH CLAIM FOR RELIEF
## RECOVERY OF ATTORNEYS' FEES – NYDCL SECTION 276-A
## (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER, DOUGLAS SHIVER, AND BRIAN SHIVER)

123.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 122 hereof as if fully set forth herein.

124.    Pursuant to NYDCL section 276-a, in addition to a judgment avoiding and directing the return of the Shiver Transfers 1, the Trustee is entitled to a judgment against the Shiver Defendants in the amount of the reasonable fees incurred by Plaintiff and his professionals including, without limitation, the fees and expenses incurred by such professionals in connection with the prosecution of this Adversary Proceeding.

## TWELFTH CLAIM FOR RELIEF
## REVERSE PIERCING THE CORPORATE VEIL
## (AGAINST AERWAV, ACCESS 220, CATHRYN SHIVER,
## CHRISTOPHER SHIVER, DOUGLAS SHIVER, AND BRIAN SHIVER)

125.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 124 hereof as if fully set forth herein.

126.    Upon information and belief, at all relevant times, the Debtor was and is the sole or dominant shareholder of Aerwav.

127.    Upon information and belief, at all relevant times, the Debtor was the sole officer and director of Aerwav.

128.    Upon information and belief, at all relevant times, the Debtor completely directed, controlled, and dominated the acts and conduct of Aerwav and made all decisions for Aerwav in order to serve the best interests of the Debtor.

129.    Upon information and belief, at all relevant times, Aerwav did not have any assets other than the Note, which the Debtor renegotiated in order to serve the best interests of the Debtor and to defraud his creditors.

130.    Upon information and belief, at all relevant times, the Debtor did not observe the corporate formalities of Aerwav, which had been declared "void" by the State of Delaware since March 1, 2004.

131.    Upon information and belief, at all relevant times, Aerwav had ceased business operations.

132.    Upon information and belief, at all relevant times, Aerwav had no separate existence or corporate purpose other than to permit the Debtor utilize the Note for the Debtor's personal benefit to the detriment of the Debtor's creditors.

133.    Upon information and belief, at all relevant times, Aerwav had no independent corporate offices or employees.

134.    Upon information and belief, at all relevant times, the Debtor did not run Aerwav as an independent, profitable corporation.

135.    Upon information and belief, at all relevant times, Aerwav exercised no independent business discretion and engaged in no business other than the Second Amendment, which was executed to serve the best interests of the Debtor and to defraud the Debtor's creditors.

136.    Upon information and belief, at all relevant times, the Debtor did not observe the corporate formalities of Aerwav but rather used the corporate form to avoid making the Debtor's interest in the proceeds of Note available to satisfy existing creditors of the Debtor.

137.    Upon information and belief, at all relevant times, Aerwav had and has no independent existence or will of its own, had and has no existence or will apart from that of the Debtor, and was and is merely the instrumentality, agent and alter ego of the Debtor.

138.    Upon information and belief, at all relevant times, each every act of Aerwav with respect to the Note was the act of the Debtor.

139.    Upon information and belief, at all relevant times, Aerwav did not have any of its own employees, but instead was entirely managed and controlled by the Debtor. The Debtor did not operate Aerwav independently and in its own interest but rather operated it in the interest and for the benefit of the Debtor and treated the bank accounts, assets, and monies of Aerwav as his own, such that Aerwav had no real independent and separate existence from the Debtor.

140.    The Debtor employed the corporate form of Aerwav and exercised dominion and control over it, to injure his present and future creditors, and unless that corporate form is disregarded and pierced, the Debtor's creditors will suffer an unjust and inequitable loss.

141.    Upon information and belief, at all relevant times, the Debtor transferred the assets of Aerwav (the Access 220 Transfers) for personal expenditures and to fund ill-advised investments while leaving the Debtor with little or no money to pay his debts.

142.    By reason of the foregoing, the Debtor intended, knew or should have known that the conduct of Debtor would and did injure his creditors.

143.    By reason of the foregoing, the Trustee is entitled to a judgment against Aerwav, Access 220, Cathryn Shiver, Christopher Shiver, Douglas Shiver, and Brian Shiver to pierce the corporate veil of Aerwav and declaring that the Aerwav is an alter-ego of the Debtor, and is jointly and severally liable for the acts, liabilities, debts and judgments of the Debtor.

## THIRTEENTH CLAIM FOR RELIEF
### (AGAINST AERWAV, ACCESS 220, CATHRYN SHIVER, CHRISTOPHER SHIVER, DOUGLAS SHIVER, AND BRIAN SHIVER)

144.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 143 hereof as if fully set forth herein.

145.    Based upon the foregoing, the Trustee is entitled to a judgment against Aerwav, Access 220, Cathryn Shiver, Douglas Shiver, Christopher Shiver, and Brian Shiver directing Aerwav to pay any distribution from the Note or the proceeds thereof to the Trustee.

## FOURTEENTH CLAIM FOR RELIEF
### FRAUDULENT TRANSFER REGARDING TRANSFERS, 11 U.S.C. §548(a)(1)(A) AND §550
### (AGAINST ACCESS 220 AND AERWAV)

146.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 to 145 hereof as if fully set forth herein.

147.    The Debtor (through Aerwav) made the Access 220 Transfers to, or for the benefit of, Access 220 within two years prior to the Filing Date.

148.    Upon information and belief, the Access 220 Transfers constituted transfers of a property interest of the Debtor.

149.    Upon information and belief, the Access 220 Transfers were made with the actual intent on the part of Debtor to hinder, delay or defraud either present or future creditors.

150.    Based upon the foregoing, the Trustee is entitled to a judgment against Access 220 and Aerwav, avoiding the Access 220 Transfers and directing Access 220 to return the Access 220 Transfers pursuant to Bankruptcy Code sections 548(a) and 550(a), together with interest from the Filing Date, and recovering all payments due pursuant to the Note as it was worded prior to the Second Amendment.

### FIFTEENTH CLAIM FOR RELIEF
### FRAUDULENT TRANSFER REGARDING PREPETITION
### TRANSFERS, 11 U.S.C. §548(A)(1)(B)(I) AND (II) AND §550
### (AGAINST ACCESS 220 AND AERWAV)

151.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 to 150 hereof as if fully set forth herein.

152.    The Access 220 Transfers were made to, or for the benefit of, Access 220 within two years before the Filing Date.

153.    Upon information and belief, the Access 220 Transfers constituted transfers of property interests of the Debtor.

154.    Upon information and belief, the value of the assets that were left with the Debtor after the Access 220 Transfers were less than the amount of the pre-petition claims against the Debtor's estate.

155.    The Access 220 Transfers rendered the Debtor insolvent.

156.    Upon information and belief, the Access 220 Transfers were made at a time when the Debtor was (i) insolvent or became insolvent as a result of the Access 220 Transfers; (ii) engaged in business, or was about to engage in business, for which property remaining with the Debtor was an unreasonably small capital, and (iii) intended to incur, or believed he would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

157.    Upon information and belief, the Debtor received less than a reasonably equivalent value in exchange for the Access 220 Transfers, and therefore the Access 220 Transfers constitutes fraudulent transfers.

158.    Based on the foregoing, the Access 220 Transfers are avoidable and recoverable from Access 220 for the benefit of the Debtor's estate pursuant to sections 548(a) and 550(a) of the Bankruptcy Code.

159.    Based on the foregoing, the Trustee is entitled to a judgment against Access 220 and Aerwav, avoiding the Access 220 Transfers, and directing Access 220 to return the Access 220 Transfers to Plaintiff pursuant to Bankruptcy Code sections 548(a) and 550(a), together with interest from the Filing Date, and recovering all payments due pursuant to the Note as it was worded prior to the Second Amendment.

### SIXTEENTH CLAIM FOR RELIEF
### NEW YORK DEBTOR AND CREDITOR LAW
### § 273 AND 11 U.S.C. §§ 544(b) and 550
### (AGAINST ACCESS 220 AND AERWAV)

160.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 159 hereof as if fully set forth herein.

161.    In the alternative, upon information and belief, the Debtor made Access 220 Transfers for the benefit of Access 220 within six (6) years prior to the Filing Date.

162.    Upon information and belief, the Debtor was insolvent or rendered insolvent as a result of the Access 220 Transfers.

163.    Upon information and belief, the Debtor did not receive fair consideration in exchange for the Access 220 Transfers.

164.    Upon information and belief, the Access 220 Transfers were made to Access 220 by the Debtor while the Debtor believed, or should have believed, that he would incur debts beyond his ability to pay as they matured.

165.    The Access 220 Transfers are fraudulent transfers pursuant to NYDCL section 273.

166.    Based upon the foregoing, the Access 220 Transfers are avoidable and recoverable from Access 220 for the benefit of the Debtor's estate pursuant to NYDCL section 273, made applicable herein by Bankruptcy Code sections 544(b) and 550(a).

167.    Based upon the foregoing, the Trustee is entitled to a judgment against Access 220 and Aerwav, avoiding the Access 220 Transfers and directing Access 220 to return the Access 220 Transfers to Plaintiff pursuant to Bankruptcy Code sections 544(b) and 550(a), together with interest thereon from the Filing Date, and recovering all payments due pursuant to the Note as it was worded prior to the Second Amendment.

### SEVENTEENTH CLAIM FOR RELIEF
### AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCES, 11 U.S.C. § 544(b) AND § 550 AND NEW YORK DEBTOR AND CREDITOR LAW § 273-a (AGAINST ACCESS 220 AND AERWAV)

168.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 167 hereof as if fully set forth herein.

169.    In the alternative, the Access 220 Transfers were made while the Debtor was a defendant in an action for money damages.

170.    Pursuant to NYDCL section 273-a, the Access 220 Transfers are fraudulent as to Wharton and Geismar.

171.    Pursuant to Bankruptcy Code section 544, Plaintiff may avoid the Access 220 Transfers pursuant to NYDCL section 273-a.

172.    Based upon the foregoing, the Access 220 Transfers are avoidable and recoverable from Access 220 for the benefit of the Debtor's estate pursuant to NYDCL section 273-a, made applicable herein pursuant to Bankruptcy Code sections 544(b) and 550(a).

173.    Based upon the foregoing, the Trustee is entitled to a judgment against Access 220 and Aerwav, avoiding the Access 220 Transfers and directing Access 220 to return the Access 220 Transfers to Plaintiff pursuant to NYDCL section 273-a and Bankruptcy Code sections 544(b) and 550(a), together with interest from the Filing Date, and recovering all payments due pursuant to the Note as it was worded prior to the Second Amendment.

### EIGHTEENTH CLAIM FOR RELIEF
### AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCES –
### BANKRUPTCY CODE SECTIONS 544(B) AND 550(A) AND NYDCL SECTION 274
### (AGAINST ACCESS 220 AND AERWAV)

174.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 173 hereof as if fully set forth herein.

175.    In the alternative, upon information and belief, when the Access 220 Transfers were made, the Debtor was engaged or was about to engage in a business or transaction for which the property remaining in his hands after the Access 220 Transfers were made was an unreasonably small capital.

176.     Pursuant to Bankruptcy Code section 544(b), the Trustee may avoid the
Access 220 Transfers pursuant to NYDCL section 274.

177.     Based upon the foregoing, the Access 220 Transfers are avoidable and
recoverable from Access 220 for the benefit of the Debtor's estate pursuant to NYDCL section
274, made applicable herein by sections 544(b) and 550(a) of the Bankruptcy Code.

178.     Based upon the foregoing, the Trustee is entitled to a judgment against
Access 220 and Aerwav, avoiding the Access 220 Transfers and directing Access 220 to return
the Access 220 Transfers to Plaintiff pursuant to Bankruptcy Code sections 544(b) and 550(a),
together with interest from the Filing Date, and recovering all payments due pursuant to the Note
as it was worded prior to the Second Amendment.

### NINETEENTH CLAIM FOR RELIEF
### AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCES –
### BANKRUPTCY CODE SECTIONS 544(B) AND 550(A) AND NYDCL SECTION 275
### (AGAINST ACCESS 220 AND AERWAV)

179.     The Trustee repeats and realleges each and every allegation contained in
paragraphs 1 through 178 hereof as if fully set forth herein.

180.     When the Access 220 Transfers were made, the Debtor intended or
believed that he would incur debts beyond his ability to pay as they matured.

181.     Pursuant to Bankruptcy Code section 544(b), the Trustee may avoid the
Access 220 Transfers pursuant to NYDCL section 275.

182.     Based upon the foregoing, the Access 220 Transfers are avoidable and
recoverable from Access 220 for the benefit of the Debtor's estate pursuant to NYDCL section
275, made applicable herein by Bankruptcy Code sections 544(b).

183.     Based upon the foregoing, the Trustee is entitled to a judgment against
Access 220 and Aerwav, avoiding the Access 220 Transfers and directing Access 220 to return

the Access 220 Transfers to Plaintiff pursuant to Bankruptcy Code sections 544(b) and 550(a),

together with interest from the Filing Date, and recovering all payments due pursuant to the Note

as it was worded prior to the Second Amendment.

**TWENTIETH CLAIM FOR RELIEF**
**AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCES –**
**BANKRUPTCY CODE SECTIONS 544(B) AND 550(A) AND NYDCL SECTION 276**
**(AGAINST ACCESS 220 AND AERWAV)**

184.    The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 through 183 hereof as if fully set forth herein.

185.    In the alternative, upon information and belief, the Access 220 Transfers

were made with actual intent to hinder, delay or defraud either present or future creditors.

186.    Pursuant to Bankruptcy Code section 544(b), Plaintiff may avoid the

Access 220 Transfers pursuant to NYDCL section 276.

187.    Based upon the foregoing, the Access 220 Transfers are avoidable and

recoverable from Access 220 for the benefit of the Debtor's estate pursuant to NYDCL section

276, made applicable herein by Bankruptcy Code section 544(b) and 550(a).

188.    Based upon the foregoing, the Trustee is entitled to a judgment against

Access 220 and Aerwav, avoiding the Access 220 Transfers and directing the Access 220

Defendants to return the Access 220 Transfers to Plaintiff pursuant to Bankruptcy Code sections

544(b) and 550(a), together with interest from the Filing Date, and recovering all payments due

pursuant to the Note as it was worded prior to the Second Amendment.

## TWENTY-FIRST CLAIM FOR RELIEF
## RECOVERY OF ATTORNEYS' FEES – NYDCL SECTION 276-A
## (AGAINST AERWAV AND ACCESS 220)

189.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 188 hereof as if fully set forth herein.

190.    Pursuant to NYDCL section 276-a, in addition to a judgment avoiding and directing the return of the Access 220 Transfers, the Trustee is entitled to a judgment against Aerwav and Access 220 in the amount of the reasonable fees incurred by the Trustee and his professionals including, without limitation, the fees and expenses incurred by such professionals in connection with the prosecution of this Adversary Proceeding.

## TWENTY-SECOND CLAIM FOR RELIEF
## ACCOUNTING
## (AGAINST ACCESS 220 )

191.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 190 hereof as if fully set forth herein.

192.    Based upon the foregoing, the Trustee is entitled to a judgment against Access 220 directing Access 220 to provide an accounting of all assets received from the Debtor under the Second Amendment or otherwise.

## TWENTY-THIRD CLAIM FOR RELIEF
## FRAUDULENT TRANSFER REGARDING
## TRANSFERS, 11 U.S.C. §548(a)(1)(A) AND §550
## (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER,
## DOUGLAS SHIVER, AND BRIAN SHIVER)

193.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 to 192 hereof as if fully set forth herein.

194.    The Shiver Transfers 2 were made to, or for the benefit of, the Shiver Defendants within two years prior to the Filing Date.

195.    Upon information and belief, the Shiver Transfers 2 constituted transfers of a property interest of the Debtor.

196.    Upon information and belief, the Shiver Transfers 2 were made with the actual intent on the part of Debtor to hinder, delay or defraud either present or future creditors.

197.    Based upon the foregoing, the Trustee is entitled to a judgment avoiding the Shiver Transfers 2, and directing the Shiver Defendants to return the Shiver Transfers 2 pursuant to Bankruptcy Code sections 548(a) and 550(a), together with interest from the Filing Date.

## TWENTY-FOURTH CLAIM FOR RELIEF
## FRAUDULENT TRANSFER REGARDING PREPETITION
## TRANSFERS, 11 U.S.C. §548(A)(1)(B)(I) AND (II) AND §550
## (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER,
## DOUGLAS SHIVER, AND BRIAN SHIVER)

198.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 to 197 hereof as if fully set forth herein.

199.    Upon information and belief, the Shiver Transfers 2 were made to, or for the benefit of, the Shiver Defendants within two years before the Filing Date.

200.    Upon information and belief, the Shiver Transfers 2 constituted transfers of property interests of the Debtor.

201.    Upon information and belief, the value of the assets that were left with the Debtor after the Shiver Transfers 2 is less than the amount of the pre-petition claims against the Debtor's estate.

202.    The Shiver Transfers 2 rendered the Debtor insolvent.

203.    Upon information and belief, the Shiver Transfers 2 were made at a time when the Debtor was (i) insolvent or became insolvent as a result of the Shiver Transfers; (ii)

engaged in business, or was about to engage in business, for which property remaining with the Debtor was an unreasonably small capital, and (iii) intended to incur, or believed he would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

204.    Upon information and belief, the Debtor received less than a reasonably equivalent value in exchange for the Shiver Transfers 2 and constituted fraudulent transfers.

205.    Based on the foregoing, the Shiver Transfers 2 are avoidable and recoverable from each of the Shiver Defendants for the benefit of the Debtor's estate pursuant to sections 548(a) and 550(a) of the Bankruptcy Code.

206.    Based on the foregoing, the Trustees entitled to a judgment avoiding the Shiver Transfers 2 and directing the Shiver Defendants to return the Shiver Transfers 2 to Plaintiff pursuant to Bankruptcy Code sections 548(a) and 550(a), together with interest from the Filing Date.

## TWENTY-FIFTH CLAIM FOR RELIEF
## NEW YORK DEBTOR AND CREDITOR LAW
## § 273 AND 11 U.S.C. §§ 544(b) and 550
## (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER, DOUGLAS SHIVER, AND BRIAN SHIVER)

207.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 206 hereof as if fully set forth herein.

208.    Upon information and belief, the Shiver Transfers 2 were made by the Debtor for the benefit of the Shiver Defendants within six (6) years prior to the Filing Date.

209.    Upon information and belief, the Debtor was insolvent or rendered insolvent as a result of the Shiver Transfers 2.

210.    Upon information and belief, the Debtor did not receive fair consideration in exchange for the Shiver Transfers 2.

211.    Upon information and belief, the Shiver Transfers 2 were made to the Shiver Defendants by the Debtor while the Debtor believed, or should have believed, that he would incur debts beyond his ability to pay as they matured.

212.    The Shiver Transfers 2 are fraudulent transfers pursuant to NYDCL section 273.

213.    Based upon the foregoing, the Shiver Transfers 2 are avoidable and recoverable from the Shiver Defendants for the benefit of the Debtor's estate pursuant to NYDCL section 273, made applicable herein by Bankruptcy Code sections 544(b) and 550(a).

214.    Based upon the foregoing, the Trustee is entitled to a judgment avoiding the Shiver Transfers 2 and directing the Shiver Defendants to return the Shiver Transfers 2 to Plaintiff pursuant to Bankruptcy Code sections 544(b) and 550(a), together with interest thereon from the Filing Date.

### TWENTY- SIXTH CLAIM FOR RELIEF
### AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCES, 11 U.S.C. § 544(b) AND § 550 AND NEW YORK DEBTOR AND CREDITOR LAW § 273-a (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER, DOUGLAS SHIVER, AND BRIAN SHIVER)

215.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 214 hereof as if fully set forth herein.

216.    The Shiver Transfers 2 were made while the Debtor was a defendant in an action for money damages.

217.    Pursuant to NYDCL section 273-a, the Shiver Transfers 2 are fraudulent as to Wharton and Geismar.

218.    Pursuant to Bankruptcy Code section 544, Plaintiff may avoid the Shiver Transfers 2 pursuant to NYDCL section 273-a.

219.     Based upon the foregoing, the Shiver Transfers 2 are avoidable and recoverable from the Shiver Defendants for the benefit of the Debtor's estate pursuant to NYDCL section 273-a, made applicable herein pursuant to Bankruptcy Code sections 544(b) and 550(a).

220.     Based upon the foregoing, the Trustee is entitled to a judgment avoiding the Shiver Transfers 2 and directing the Shiver Defendants to return the Shiver Transfers 2 to Plaintiff pursuant to NYDCL section 273-a and Bankruptcy Code sections 544(b) and 550(a), together with interest from the Filing Date.

## TWENTY-SEVENTH CLAIM FOR RELIEF
### AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCES –
### BANKRUPTCY CODE SECTIONS 544(B) AND 550(A) AND NYDCL SECTION 274
### (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER,
### DOUGLAS SHIVER, AND BRIAN SHIVER)

221.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 220 hereof as if fully set forth herein.

222.     Upon information and belief, when the Shiver Transfers 2 were made, the Debtor was engaged or was about to engage in a business or transaction for which the property remaining in his hands after the Shiver Transfers 2 were made was an unreasonably small capital.

223.     Pursuant to Bankruptcy Code section 544(b), the Trustee may avoid the Shiver Transfers 2 pursuant to NYDCL section 274.

224.     Based upon the foregoing, the Shiver Transfers 2 are avoidable and recoverable from the Shiver Defendants for the benefit of the Debtor's estate pursuant to NYDCL section 274, made applicable herein by sections 544(b) and 550(a) of the Bankruptcy Code.

225.    Based upon the foregoing, the Trustee is entitled to a judgment avoiding the Shiver Transfers 2 and directing the Shiver Defendants to return the Shiver Transfers 2 to Plaintiff pursuant to Bankruptcy Code sections 544(b) and 550(a), together with interest from the Filing Date.

### TWENTY-EIGHTH CLAIM FOR RELIEF
### AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCES –
### BANKRUPTCY CODE SECTIONS 544(B) AND 550(A) AND NYDCL SECTION 275
### (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER,
### DOUGLAS SHIVER, AND BRIAN SHIVER)

226.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 225 hereof as if fully set forth herein.

227.    Upon information and belief, when the Shiver Transfers 2 were made, the Debtor intended or believed that he would incur debts beyond his ability to pay as they matured.

228.    Pursuant to Bankruptcy Code section 544(b), the Trustee may avoid the Shiver Transfers pursuant to NYDCL section 275.

229.    Based upon the foregoing, the Shiver Transfers 2 are avoidable and recoverable from the Shiver Defendants for the benefit of the Debtor's estate pursuant to NYDCL section 275, made applicable herein by Bankruptcy Code sections 544(b).

230.    Based upon the foregoing, the Trustee is entitled to a judgment avoiding the Shiver Transfers 2 and directing the Shiver Defendants to return the Shiver Transfers 2 to Plaintiff pursuant to Bankruptcy Code sections 544(b) and 550(a), together with interest from the Filing Date.

## TWENTY-NINTH CLAIM FOR RELIEF
## AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCES –
## BANKRUPTCY CODE SECTIONS 544(B) AND 550(A) AND NYDCL SECTION 276
## (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER,
## DOUGLAS SHIVER, AND BRIAN SHIVER)

231.    The Trustee repeats and realleges each and every allegation contained in
paragraphs 1 through 230 hereof as if fully set forth herein.

232.    Upon information and belief, the Shiver Transfers 2 were made with
actual intent to hinder, delay or defraud either present or future creditors.

233.    Pursuant to Bankruptcy Code section 544(b), Plaintiff may avoid the
Shiver Transfers 2 pursuant to NYDCL section 276.

234.    Based upon the foregoing, the Shiver Transfers 2 are avoidable and
recoverable from the Shiver Defendants for the benefit of the Debtor's estate pursuant to
NYDCL section 276, made applicable herein by Bankruptcy Code section 544(b) and 550(a).

235.    Based upon the foregoing, the Trustee is entitled to a judgment avoiding
the Shiver Transfers 2 and directing the Shiver Defendants to return the Shiver Transfers 2 to
Plaintiff pursuant to Bankruptcy Code sections 544(b) and 550(a), together with interest from the
Filing Date.

## THIRTIETH CLAIM FOR RELIEF
## RECOVERY OF ATTORNEYS' FEES – NYDCL SECTION 276-A
## (AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER,
## DOUGLAS SHIVER, AND BRIAN SHIVER)

236.    The Trustee repeats and realleges each and every allegation contained in
paragraphs 1 through 235 hereof as if fully set forth herein.

237.    Pursuant to NYDCL section 276-a, in addition to a judgment avoiding and
directing the return of the Shiver Transfers 2, the Trustee is entitled to a judgment against the

Shiver Defendants in the amount of the reasonable fees incurred by Plaintiff and his

professionals including, without limitation, the fees and expenses incurred by such professionals

in connection with the prosecution of this Adversary Proceeding.

**THIRTY FIRST CLAIM FOR RELIEF**
**ACCOUNTING**
**(AGAINST CATHRYN SHIVER, CHRISTOPHER SHIVER,**
**DOUGLAS SHIVER, AND BRIAN SHIVER )**

238.    The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 through 237 hereof as if fully set forth herein.

239.    Based upon the foregoing, the Trustee is entitled to a judgment directing

the Shiver Defendants to provide an accounting of all assets received from the Debtor under the

Property Settlement Agreement or otherwise.

WHEREFORE, the Trustee respectfully demands judgment as follows:

1.    On the First Claim for Relief, a declaration that (i) the Note is payable to

Aerwav, as Payee; and (ii) Aerwav did not assign its right, in whole or in part, as Payee under the

Note to or for the benefit of Cathryn Shiver, Christopher Shiver, Douglas Shiver, and/or Brian

Shiver;

2.    On the Second Claim for Relief, a declaration that (i) any distribution to

Aerwav of the proceeds received by or to Aerwav pursuant to the Note is payable to the Trustee;

and (ii) the Debtor did not assign, in whole or in part, his interest in the distribution to Aerwav of

the proceeds received by Aerwav pursuant to the Note to Cathryn Shiver;

3.    On the Third Claim for Relief, a declaration that (i) any distribution by or

to Aerwav of proceeds received by Aerwav under the Notes is payable to the Trustee; and (ii) the

Debtor did not assign, in whole or in part, his interest in the distribution to Aerwav of the

proceeds received by Aerwav pursuant to the Note to or for the benefit of Christopher Shiver,

Douglas Shiver, Brian Shiver, and/or to a trust for the benefit of Christopher Shiver, Douglas

Shiver, and/or Brian Shiver;

4.       On the Fourth Claim for Relief, in favor of Plaintiff and against each of

the Shiver Defendants, avoiding the Shiver Transfers pursuant to 548(a) of the Bankruptcy Code

and directing each of the Shiver Defendants to return to Plaintiff the Shiver Transfers pursuant to

548(a) and 550(a) of the Bankruptcy Code, together with interest on such amount from the date

of the Shiver Transfers until full payment is made to Plaintiff, together with the costs and

expenses of this action, including, without limitation, attorneys' fees;

5.       On the Fifth Claim for Relief, in favor of Plaintiff and against each of the

Shiver Defendants, avoiding the Shiver Transfers pursuant to 548(a) of the Bankruptcy Code and

directing each of the Shiver Defendants to return to Plaintiff the Shiver Transfers pursuant to

548(a) and 550(a) of the Bankruptcy Code, together with interest on such amount from the date

of the Shiver Transfers until full payment is made to Plaintiff, together with the costs and

expenses of this action, including, without limitation, attorneys' fees;

6.       On the Sixth Claim for Relief, in favor of Plaintiff and against each of the

Shiver Defendants avoiding the Shiver Transfers pursuant to Section 544(b) of the Bankruptcy

Code and section 273 of the NYDCL and directing the Shiver Defendants to return to Plaintiff

the Shiver Transfers pursuant to sections 544(b) and 550(a) of the Bankruptcy Code, together

with interest on such amount from the date of the Shiver Transfers until full payment is made to

Plaintiff, together with the costs and expenses of this action, including, without limitation,

attorneys' fees;

7.       On the Seventh Claim for Relief, in favor of Plaintiff and against each of

the Shiver Defendants avoiding the Shiver Transfers pursuant to Section 544(b) of the

Bankruptcy Code and section 273-a of the NYDCL and directing the Shiver Defendants to return to Plaintiff the Shiver Transfers pursuant to sections 544(b) and 550(a) of the Bankruptcy Code, together with interest on such amount from the date of the Shiver Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees;

8.    On the Eighth Claim for Relief, in favor of Plaintiff and against each of the Shiver Defendants avoiding the Shiver Transfers pursuant to Section 544(b) of the Bankruptcy Code and section 274 of the NYDCL and directing the Shiver Defendants to return to Plaintiff the Shiver Transfers pursuant to sections 544(b) and 550(a) of the Bankruptcy Code, together with interest on such amount from the date of the Shiver Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees;

9.    On the Ninth Claim for Relief, in favor of Plaintiff and against each of the Shiver Defendants avoiding the Shiver Transfers pursuant to Section 544(b) of the Bankruptcy Code and section 275 of the NYDCL and directing the Shiver Defendants to return to Plaintiff the Shiver Transfers pursuant to sections 544(b) and 550(a) of the Bankruptcy Code, together with interest on such amount from the date of the Shiver Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees;

10.    On the Tenth Claim for Relief, in favor of Plaintiff and against each of the Shiver Defendants avoiding the Shiver Transfers pursuant to Section 544(b) of the Bankruptcy Code and section 276 of the NYDCL and directing the Shiver Defendants to return to Plaintiff the Shiver Transfers pursuant to sections 544(b) and 550(a) of the Bankruptcy Code, together

with interest on such amount from the date of the Shiver Transfers until full payment is made to

Plaintiff, together with the costs and expenses of this action, including, without limitation,

attorneys' fees;

       11.     On the Eleventh Claim for Relief, in favor of Plaintiff and against each of

the Shiver Defendants pursuant to section 276-a of the NYDCL, awarding Plaintiff reasonable

fees incurred in connection with this Adversary Proceeding;

       12.     On the Twelfth Claim for Relief, in favor of Plaintiff and against Aerwav,

Access 220, Cathryn Shiver, Christopher Shiver, Douglas Shiver, and Brian Shiver directing

Aerwav to turn over any distribution on the Note to the Trustee and pay all payments due

pursuant to the Note as it was worded prior to the Second Amendment;

       13.     On the Thirteenth Claim for Relief, in favor of Plaintiff and against

Aerwav, Access 220, Cathryn Shiver, Christopher Shiver, Douglas Shiver, and Brian Shiver, a

declaration that Aerwav is an alter-ego of the Debtor, and should be held jointly and severally

liable for the acts, liabilities, debts and judgments of the Debtor, and pay all payments due

pursuant to the Note as it was worded prior to the Second Amendment;

       14.     On the Fourteenth Claim for Relief, in favor of Plaintiff and against

Access 220 and Aerwav, avoiding the Access 220 Transfers pursuant to 548(a) of the

Bankruptcy Code and directing Access 220 to return to Plaintiff the Access 220 Transfers

pursuant to 548(a) and 550(a) of the Bankruptcy Code, together with interest on such amount

from the date of the Access 220 Transfers until full payment is made to Plaintiff, together with

the costs and expenses of this action, including, without limitation, attorneys' fees and pay all

payments due pursuant to the Note as it was worded prior to the Second Amendment;

15.    On the Fifteenth Claim for Relief, in favor of Plaintiff and against Access 220 and Aerwav, avoiding the Access 220 Transfers pursuant to 548(a) of the Bankruptcy Code and directing Access 220 to return to Plaintiff the Access 220 Transfers pursuant to 548(a) and 550(a) of the Bankruptcy Code, together with interest on such amount from the date of the Access 220 Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees and pay all payments due pursuant to the Note as it was worded prior to the Second Amendment;

16.    On the Sixteenth Claim for Relief, in favor of Plaintiff and against Access 220 and Aerwav avoiding the Access 220 Transfers pursuant to Section 544(b) of the Bankruptcy Code and section 273 of the NYDCL and directing Access 220 to return to Plaintiff the Access 220 Transfers pursuant to sections 544(b) and 550(a) of the Bankruptcy Code, together with interest on such amount from the date of the Access 220 Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees and pay all payments due pursuant to the Note as it was worded prior to the Second Amendment;

17.    On the Seventeenth Claim for Relief, in favor of Plaintiff and against Access 220 and Aerwav avoiding the Access 220 Transfers pursuant to Section 544(b) of the Bankruptcy Code and section 273-a of the NYDCL and directing Access 220 to return to Plaintiff the Access 220 Transfers pursuant to sections 544(b) and 550(a) of the Bankruptcy Code, together with interest on such amount from the date of the Access 220 Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees and pay all payments due pursuant to the Note as it was worded prior to the Second Amendment;

18.    On the Eighteenth Claim for Relief, in favor of Plaintiff and against Access 220 and Aerwav avoiding the Access 220 Transfers pursuant to Section 544(b) of the Bankruptcy Code and section 274 of the NYDCL and directing Access 220 to return to Plaintiff the Access 220 Transfers pursuant to sections 544(b) and 550(a) of the Bankruptcy Code, together with interest on such amount from the date of the Access 220 Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees and pay all payments due pursuant to the Note as it was worded prior to the Second Amendment;

19.    On the Nineteenth Claim for Relief, in favor of Plaintiff and against Access 220 and Aerwav avoiding the Access 220 Transfers pursuant to Section 544(b) of the Bankruptcy Code and section 275 of the NYDCL and directing Access 220  to return to Plaintiff the Access 220 Transfers pursuant to sections 544(b) and 550(a) of the Bankruptcy Code, together with interest on such amount from the date of the Access 220 Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees and pay all payments due pursuant to the Note as it was worded prior to the Second Amendment;

20.    On the Twentieth Claim for Relief, in favor of Plaintiff and against Access 220 and Aerwav avoiding the Access 220 Transfers pursuant to Section 544(b) of the Bankruptcy Code and section 276 of the NYDCL and directing Access 220 to return to Plaintiff the Access 220 Transfers pursuant to sections 544(b) and 550(a) of the Bankruptcy Code, together with interest on such amount from the date of the Access 220 Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including,

without limitation, attorneys' fees and pay all payments due pursuant to the Note as it was worded prior to the Second Amendment;

21.    On the Twenty-first Claim for Relief, in favor of Plaintiff and against Access 220 and Aerwav pursuant to section 276-a of the NYDCL, awarding Plaintiff reasonable fees incurred in connection with this Adversary Proceeding;

22.    On Plaintiff's Twenty-second Claim for Relief, in favor of Plaintiff and against Access 220 directing Access 220 to (i) deliver to Plaintiff an accounting of the Access 220 Transfers and any assets received by Access 220 under the Second Amendment or otherwise; and (ii) to deliver to the Trustee all documents pertaining to or evidencing the Access 220 Transfers pursuant to section 542(a) of the Bankruptcy Code;

23.    On the Twenty-Third Claim for Relief, in favor of Plaintiff and against each of the Shiver Defendants, avoiding the Shiver Transfers pursuant to 548(a) of the Bankruptcy Code and directing each of the Shiver Defendants to return to Plaintiff the Shiver Transfers pursuant to 548(a) and 550(a) of the Bankruptcy Code, together with interest on such amount from the date of the Shiver Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees;

24.    On the Twenty-Fourth Claim for Relief, in favor of Plaintiff and against each of the Shiver Defendants, avoiding the Shiver Transfers pursuant to 548(a) of the Bankruptcy Code and directing each of the Shiver Defendants to return to Plaintiff the Shiver Transfers pursuant to 548(a) and 550(a) of the Bankruptcy Code, together with interest on such amount from the date of the Shiver Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees;

25.    On the Twenty-Fifth Claim for Relief, in favor of Plaintiff and against
each of the Shiver Defendants avoiding the Shiver Transfers pursuant to Section 544(b) of the
Bankruptcy Code and section 273 of the NYDCL and directing the Shiver Defendants to return
to Plaintiff the Shiver Transfers pursuant to sections 544(b) and 550(a) of the Bankruptcy Code,
together with interest on such amount from the date of the Shiver Transfers until full payment is
made to Plaintiff, together with the costs and expenses of this action, including, without
limitation, attorneys' fees;

26.    On the Twenty-Sixth Claim for Relief, in favor of Plaintiff and against
each of the Shiver Defendants avoiding the Shiver Transfers pursuant to Section 544(b) of the
Bankruptcy Code and section 273-a of the NYDCL and directing the Shiver Defendants to return
to Plaintiff the Shiver Transfers pursuant to sections 544(b) and 550(a) of the Bankruptcy Code,
together with interest on such amount from the date of the Shiver Transfers until full payment is
made to Plaintiff, together with the costs and expenses of this action, including, without
limitation, attorneys' fees;

27.    On the Twenty-Seventh Claim for Relief, in favor of Plaintiff and against
each of the Shiver Defendants avoiding the Shiver Transfers pursuant to Section 544(b) of the
Bankruptcy Code and section 274 of the NYDCL and directing the Shiver Defendants to return
to Plaintiff the Shiver Transfers pursuant to sections 544(b) and 550(a) of the Bankruptcy Code,
together with interest on such amount from the date of the Shiver Transfers until full payment is
made to Plaintiff, together with the costs and expenses of this action, including, without
limitation, attorneys' fees;

28.    On the Twenty-Eighth Claim for Relief, in favor of Plaintiff and against
each of the Shiver Defendants avoiding the Shiver Transfers pursuant to Section 544(b) of the

Bankruptcy Code and section 275 of the NYDCL and directing the Shiver Defendants to return to Plaintiff the Shiver Transfers pursuant to sections 544(b) and 550(a) of the Bankruptcy Code, together with interest on such amount from the date of the Shiver Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees;

29.    On the Twenty-Ninth Claim for Relief, in favor of Plaintiff and against each of the Shiver Defendants avoiding the Shiver Transfers pursuant to Section 544(b) of the Bankruptcy Code and section 276 of the NYDCL and directing the Shiver Defendants to return to Plaintiff the Shiver Transfers pursuant to sections 544(b) and 550(a) of the Bankruptcy Code, together with interest on such amount from the date of the Shiver Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees;

30.    On the Thirtieth Claim for Relief, in favor of Plaintiff and against each of the Shiver Defendants pursuant to section 276-a of the NYDCL, awarding Plaintiff reasonable fees incurred in connection with this Adversary Proceeding;

31.    On Plaintiff's Thirty-First Claim for Relief, in favor of Plaintiff and against each of the Shiver Defendants directing the Shiver Defendants to (i) deliver to Plaintiff an accounting of the Shiver Transfers and any assets received by the Shiver Defendants under the Property Settlement Agreement; and (ii) to deliver to the Trustee all documents pertaining to or evidencing the Shiver Transfers pursuant to section 542(a) of the Bankruptcy Code;

32.    On all claims, equitable relief and an attachment, including a temporary restraining order and a preliminary injunction on the grounds that plaintiff will otherwise be irreparably injured if an injunction is not issued to prevent dissipation by defendants of the assets

they have fraudulently obtained, pursuant to Section 105(a) of the Bankruptcy Code, Rules 64 and 65 of the Federal Rules of Civil Procedure, made applicable by Rules 7064 and 7065 of the Federal Rules of Bankruptcy Procedure, §6210 of the New York Civil Practice Law and Rules and § 278 and 279(a) of the New York Debtor and Creditor Law.

33.     On all claims, awarding interest pre-judgment and post-judgment, costs and disbursements as allowed by law;

34.     On all claims, awarding reasonable attorney's fees as allowed by law; and

35.     On all claims, awarding such other and further relief as may appear just and proper.

Dated: New York, New York
     September 23, 2008

GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP

By: _____
Michael S. Devorkin, Esq.
Dallas Albaugh, Esq.
Elizabeth A. Jaffe, Esq.
437 Madison Avenue
New York, New York 10022
Phone: (212) 907-7300
Fax: (212) 754-0330
Email: mdevorkin@golenbock.com
Email: dalbaugh@golenbock.com
Email: ejaffe@golenbock.com
Attorneys for Plaintiff Trustee
Richard E. O'Connell