Michael S. Devorkin, Esq.
Elizabeth A. Jaffe, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
Phone: (212) 907-7300
Fax: (212) 754-0330
Email: mdevorkin@golenbock.com
Email: dalbaugh@golenbock.com
Email: ejaffe@golenbock.com

*Counsel for Richard E. O'Connell, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| In re<br><br>ROBERT SHIVER,<br>                       Debtor. | Chapter 7<br>Case No. 07-11501 |
| -----------------------------------------------------X | |
| RICHARD E. O'CONNELL, as Chapter 7 Trustee<br>of the Estate of Robert Shiver<br><br>                       Plaintiff,<br><br>                       v.<br><br>Cathryn Shiver, Brian P. Shiver, Douglas J. Shiver,<br>Christopher R. Shiver, Aerwav Holdings, Inc.,<br>and Access 220, LLC<br><br>                       Defendants. | Adv. Pro. No. 08-01584 (MG) |

-----------------------------------------------------------X

## DECLARATION OF MICHAEL S. DEVORKIN
## IN SUPPORT OF SETTLEMENTS AND RELEASES

       Michael S. Devorkin, Chapter 7 Trustee, pursuant to 28 U.S.C. § 1746, hereby deposes and says under penalty of perjury:

*476983.1*

1. I submit this declaration in support of two Motions for Entry of an Order Approving certain settlements, pursuant to 11 U.S.C. §§ 105(a) and 363(b)(1) and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, which are scheduled for a hearing on November 16, 2009.

2. The first motion pertains to settlement with three creditors of Aerwav Holdings, Inc. ("Aerwav"), which was owned by the Debtor. No objections have been filed to the motion, and the Trustee requests the Court to proceed on November 16 and enter an order approving that settlement.

3. As to the second settlement with members of the Debtor's family, Cathryn Shiver, Douglas Shiver, Christopher Shiver, and Brian Shiver ("Brian") ("Settlement Agreement"), two creditors, Edward Wharton and Janet Geismar ("Objecting Creditors") have filed an opposition to the Settlement Agreement on the grounds that the Trustee has not provided sufficient facts and legal argument to permit the Court to determine whether to approve it.

4. The Trustee made every effort to advise the Objecting Creditors about the terms of the Settlement Agreement and to give them the opportunity to comment or object prior to the Trustee's final negotiations and execution thereof. On August 11, 2009, I sent Mr. Pearce, counsel for the Objecting Creditors, an email with a copy of a draft of the proposed settlement agreement. The email stated:

> We have reached a settlement in principle with the Cathryn Shiver and the Children, which I attach for your comments. Betsy and I can discuss with you after you and your clients and local counsel can review. We would like to get the comments asap because we want to execute this asap.

5. I never heard from Mr. Pearce with any comments, questions, or objections. The Trustee then proceeded to expend considerable resources to complete the discussions with counsel for the Shiver family, to complete further drafts, to execute a final settlement, and to

476983.1

2

prepare and file the necessary motion papers pursuant to Rule 9019, Fed.Bankr.R. The Trustee had no idea until the objections were filed this week that the Objecting Creditors had any questions or reservations about the Settlement Agreement.

6. Today I spoke with Mr. Pearce to advise him that early next week the Trustee and his counsel will provide him information about the Settlement Agreement and the reasons therefor, and meet in person or by phone with him and his clients to answer any questions he may have. Among other things, the premise of the objection is that the Estate would do just as well without any settlement because it would under any circumstances receive one-half the proceeds of the Note. That is not correct for many reasons, including the fact that (1) under the Marital Agreement, the Debtor would *not* receive the balance of the Note left after Mrs. Shiver receives her share, and (2) even if the Marital Agreement were voided, the Debtor's spouse and children have priority claims for alimony and support, which are likely at least $1,122,000 (they have filed such claims for $1,490,289), leaving the unsecured creditors with very little more than they will receive under the Settlement Agreement.

7. Our hope is that after hearing further from the Trustee about this matter, the Objecting Creditors will withdraw their objections so that resources of the Estate can be conserved. If not, the Trustee is prepared to file additional papers expanding on the facts and the reasons why the Settlement Agreement is in the best interests of the creditors and the Trustee has more than met his burden of showing that the settlement is above the lowest point in the range of reasonableness.

*476983.1*

3

8. The Trustee requests that the Court have the hearing on November 16, but at that time, set adjourned, prompt dates for the submission of further papers by the Trustee, responses from the Objecting Parties, and a final hearing on the motion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      November 13, 2009

                                              /s/ Michael S. Devorkin
                                              MICHAEL S. DEVORKIN